must be reversed, with costs and disbursements to the appellant, and the motion for new trial and to set aside verdict denied, with costs. All concur.

## ATLANTIC CONST. CO. v. KREUSLER.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. FOREIGN CORPORATIONS—FAILURE TO OBTAIN CERTIFICATE—ENFORCEMENT OF CONTRACTS.

Act May 18, 1892, § 15 (Laws 1892, c. 687), prohibiting a foreign stock corporation, doing business in the state without having procured a certificate of compliance with the law authorizing it to do business, from maintaining an action on a contract made in the state, does not apply to actions on contracts made before the enactment of the section, in view of a prior provision of the section, providing that any such contract made prior to December 31, 1892, may be enforced thereafter.

2. SAME—AUTHORITY TO ISSUE STOCK—EVIDENCE—ADMISSIONS.

In an action by a corporation to recover a subscription on its capital stock, a recital in the subscription executed by defendant that the corporation had authority to issue stock is an admission of such authority which is sufficient to prove it, in the absence of other evidence to the contrary.

Appeal from trial term, New York county.

Action by the Atlantic Construction Company against Arnold Kreusler. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. B. Culver, for appellant.
D. H. Hunt, for respondent.

VAN BRUNT, P. J. . This action was brought to recover a subscription by the defendant to the capital stock of the plaintiff, a foreign corporation. Upon the trial the plaintiff offered in evidence the stock subscription book containing the agreement of subscription, and showing that the defendant had subscribed for 20 shares ($1,000) of its capital stock. It was admitted that the defendant had paid $250 on account of such subscription. At the close of the plaintiff's case the defendant offered in evidence the certificate of the secretary of the state of New York that the plaintiff had not obtained from the said secretary the authority to do business within the state required by sections 15 and 16 of the general corporation law (being chapter 687 of the Laws of 1892). The complaint was then dismissed upon the ground that the plaintiff had made no proof that the corporation had any power to issue stock, and upon the further ground that no certificate of designation as required by the statute had been filed.

It seems to us that the construction placed upon section 15 of the general corporation law by the court below was erroneous. This law was passed on the 18th of May, 1892, and the contract of subscription in question was made prior to that date. The provisions of section 15 are as follows:

"No foreign stock corporation other than a monied corporation shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state. * * * No such corporation now doing business in this state shall do business herein after December 31st, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain an action in this state upon any contract made by it in this state until it shall have procured such certificate."

It will be seen that by the express provisions of the statute all lawful contracts made prior to the 31st of December, 1892, may be enforced by the corporation within the state subsequent to such date. It is true that this is followed by a provision that no foreign stock corporation doing business in this state without the certificate mentioned shall maintain an action in this state upon any contract made by it in this state until it shall have procured such certificate. But it is apparent that this last clause of the section under consideration was intended to apply only to contracts which might be made within the state after the date fixed in the statute. The construction contended for by the respondent would result in a nullification of the provisions of the law in respect to contracts previously entered into, by the clause immediately following. No such inconsistency of construction is to be adopted, unless the two provisions are absolutely irreconcilable. It is apparent that the intention of the legislature was, in the future, to prevent foreign corporations from doing business within this state, and from maintaining actions in the state in respect to such business, after the date mentioned in the act, without the filing of the certificate. But it was not intended to cut off rights in respect to contracts which had been previously made by the corporation. The corporation was to be at liberty to cause to be performed and enforced such contracts within the state, notwithstanding the passage of the act. This construction gives full effect to the whole of the statute, and prevents a result apparently never intended by the legislature, namely, the impossibility of enforcing rights which had been acquired prior to any legislation which in any way interfered with their enforcement.

In view of the condition of the pleadings, it was not necessary for the plaintiff to establish its corporate existence. There was no affirmative allegation that the plaintiff was not a corporation, which was necessary, under section 1776 of the Code of Civil Procedure, in order to put the plaintiff upon proof of its due incorporation. It is, however, claimed that there was no evidence as to the plaintiff's corporate authority; that there was nothing to show that it had the right to issue stock. It seems to us that this was entirely unnecessary, in view of the admissions which the defendant had made. He asserted in his subscription to the stock that the Atlantic Construction Company had been formed in New Jersey, with an authorized capital of $1,500,000, shares $50 each, and had issued $500,000 thereof as full-paid and non-assessable stock. Here was a distinct admission that this corporation had authority to issue $1,500,000 of stock, and that it had issued $500,000 thereof. Then follows a subscription by the defendant for

20 shares. This certainly was sufficient, so far as he was concerned, to make out a prima facie case; and, if he desired to dispute or contradict his own admission as to the authority of the plaintiff, it was necessary for him to introduce evidence, either disputing the making of that admission, or establishing affirmatively that the corporation had no power whatever to issue its stock, and that, therefore, the subscription was without consideration. The admission of a party that certain facts exist has always been held sufficient evidence, at least in the first instance, to establish the facts admitted. As we have already seen, there was an express admission of the incorporation of the plaintiff with an authorized capital of $1,500,000; that it had issued part of it, and was taking subscriptions for the balance, or at least a portion thereof; and that the defendant subscribed for 20 shares. This seems to have made out a prima facie case for the plaintiff. And, in the absence of any evidence upon the part of the defendant, the plaintiff was entitled to a recovery.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.